Filed 12/10/14  P. v. Weiser CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C075281 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F00699) |
| v. | |
| LANCE J. WEISER, | |
| Defendant and Appellant. | |

A jury found defendant Lance J. Weiser guilty of inflicting injury on a cohabitant (Pen. Code, § 273.5)[1] and "simple assault" (§ 240).[2]  Defendant subsequently admitted he was convicted of inflicting corporal injury on a cohabitant or spouse in January 1991. Defendant also admitted serving a prior prison term for an elder abuse conviction in 2007.

Prior to sentencing, the probation department (department) issued a report and recommendation, wherein the department recommended defendant be committed to state

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  The trial court later "dismissed" the conviction for assault.

1

prison "for the midterm of four (4) years," because defendant had a "273.5 [subdivision] (e)(1) prior . . . ."**3**  Former section 273.5, subdivision (e)(1), now section 273.5, subdivision (f)(1)  provides that "[a]ny person convicted of violating this section for acts occurring within *seven years* of a previous conviction under subdivision (a), or subdivision (d) of Section 243, or . . . , shall be punished by imprisonment in a county jail for not more than one year, or by imprisonment in the state prison for two, four, or five years, or by both imprisonment and a fine of up to ten thousand dollars ($10,000)." (Italics added.)

At sentencing, the trial court stated its intention to follow the department's recommendation:  "it's the Court's intended sentence after considering those factors and the general objectives in sentencing to follow the Probation Department's recommendation and sentence the defendant to the mid term on this offense which would be a four years in the State Prison with an additional year for the prison prior . . . ."  The People agreed the midterm was the appropriate term.

Following argument from defendant, the trial court ruled that "the recommendation of Probation Department is the correct one given all of the facts relating to it, so it's the judgment and sentence of the Court that for the violation of Penal Code Section 273.5 [subdivision] (a) together with the finding under Penal Code Section 273.5 [subdivision] (e)(1) that the defendant be committed to the State Prison for a term of four years which represents the mid term as the principal term in this case . . . ."  The court added another year for defendant's prior prison term, for an aggregate term of five years in state prison.

On appeal, defendant contends that because the trial court intended to sentence him to the midterm, it was error to sentence him to four years pursuant to former

---

**3**  Section 273.5 was subsequently amended.  The language previously found in subsection (e)(1) is now found in subdivision (f)(1).  (Stats. 2013, ch. 763, §1.)

2

section 273.5, subdivision (e)(1).  Defendant argues that his prior conviction for inflicting corporal injury was in January 1991, nearly 22 years before his conviction here, far in excess of the seven-year washout period contained in the statute.  Accordingly, he contends, the sentence imposed is unauthorized because it is not the statutory midterm.  The People concede the error.

Having reviewed the record and the applicable law, we accept the People's concession.  We shall remand the matter for resentencing.

DISPOSITION

The sentence imposed is hereby stricken.  The matter is remanded and the trial court is directed to resentence defendant according to the triad prescribed in section 273.5, not the aggravated triad found in what is now section 273.5, subdivision (f)(1).  Following resentencing the trial court is directed to prepare an amended abstract of judgment and forward a certified copy of the same to the Department of Corrections and Rehabilitation.

                                                                                    BLEASE               , Acting P. J.

We concur:

     BUTZ                , J.

     MAURO            , J.